**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| KHALIL SADEK MOHAMED MOSES AHMED, et al., | : | Case No. 1:25-cv-888 |
| | : | Judge Matthew W. McFarland |
| Plaintiffs, | : | |
| v. | : | |
| TODD BLANCHE, in his official capacity as Attorney General of the United States, et al., | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 6). Plaintiffs filed a Response in Opposition (Doc. 7), to which Defendants filed a Reply in Support (Doc. 9). This matter is thus ripe for the Court's review. For the following reasons, Defendants' Motion to Dismiss (Doc. 6) is **GRANTED**.

## ALLEGED FACTS

Plaintiff Jhalil Sadek Mohamed Moses Ahmed is a lawful permanent resident of the United States. (Compl., Doc. 1, ¶ 55.) Ahmed filed a Form I-130 Petition for Alien Relative on behalf of his spouse, Plaintiff Aisha Mohammed Hamid Yahya Al-Jashoby who currently resides in Yemen. (*Id.* at ¶¶ 4, 57–58.) The petition was received by U.S. Citizenship and Immigration Services ("USCIS") on May 21, 2024—to date, there has been no decision from USCIS regarding Plaintiffs' application. (*Id.* at ¶¶ 58–59.)

## PROCEDURAL POSTURE

Plaintiffs filed the instant action on December 3, 2025, seeking relief under the Mandamus Act, the Administrative Procedure Act ("APA"), and the Fifth Amendment. (Compl., Doc. 1, ¶¶ 96–123.) Plaintiffs allege that "[s]tatutes, regulations, and agency guidance make clear that the Defendants have a mandatory duty to adjudicate Plaintiffs' petition within a reasonable time—a duty which they have failed to fulfill." (*Id.* at ¶ 7.) Defendants moved to dismiss the Complaint on April 29, 2026. (*See* Motion to Dismiss, Doc. 6.)

## LAW & ANALYSIS

Defendants seek dismissal of Plaintiffs' Complaint on two grounds: lack of subject matter jurisdiction under Rule 12(b)(1) as to Plaintiffs' Mandamus Act and APA claims, and failure to state a claim upon which relief can be granted under Rule 12(b)(6) as to Plaintiffs' Fifth Amendment due process claim. (Motion to Dismiss, Doc. 6, Pg. ID 49.) The Court must address the Rule 12(b)(1) portion of the motion first. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

### I. Mandamus Act and APA Claims

Defendants first argue that the Court lacks subject matter jurisdiction over Plaintiffs' Mandamus Act and APA claims. (Motion to Dismiss, Doc. 6, Pg. ID 51-53.) When a defendant challenges subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction to survive the motion. *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 817 (6th Cir. 2017) (quoting *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)). Under the Mandamus Act, "[d]istrict courts possess jurisdiction to

compel agency action only in the 'extraordinary' case when they find the agency violated 'a clear and indisputable' duty to act." *Yared v. Nepal*, No. 1:24-CV-2114, 2025 U.S. Dist. LEXIS 67555, at *5 (N.D. Ohio Apr. 9, 2025) (quoting *In re Parker*, 49 F.3d 204, 206 (6th Cir. 1995)). Alternatively, under the APA, district courts can "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, a claim under the APA "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original). Thus, "[w]hen a [plaintiff] seeks both mandamus relief and relief under the APA, courts apply the same principles and standards both to determine jurisdiction and to assess the merits." *Nelson v. United States*, 107 F. App'x 469, 471 (6th Cir. 2004).

Upon review of the applicable statutory and regulatory framework, the Court observes that "[t]here is no clear mandate or binding regulation stating USCIS is required to act on I-130 petitions within a particular timeframe." *Heidarnejad v. United States Citizenship & Immigr. Servs.*, 721 F. Supp. 3d 520, 525 (W.D. Tex. 2024). True, the APA permits federal courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). But, Congress has not set a mandatory deadline by which Defendants must adjudicate Plaintiffs' I-130 petition. *Nagi v. Blanche*, No. 25-11967, 2026 U.S. Dist. LEXIS 83813, at *4 (E.D. Mich. Apr. 15, 2026). Thus, "there is no identifiable standard against which the Court can measure whether the agency has 'unlawfully withheld or unreasonably delayed' review." *Alfassi v. Garland*, 614 F. Supp. 3d 1252, 1256 (S.D. Fla. 2022).

The Court is also mindful that the APA "empowers a court only to compel an agency to perform a ministerial or non-discretionary act, or to take action upon a matter, without directing how it shall act." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (cleaned up). Thus, an agency action is not reviewable by a district court if it is "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Here, "the pace of USCIS' processing of I-130 Petitions is left to the sound discretion of the agency, and . . . such pacing neither qualifies as [n]or is subject to a nondiscretionary act[.]" *Alfassi*, 614 F. Supp. 3d at 1256. Accordingly, in the absence of any clear mandate requiring Defendants to act within a particular timeframe, the Court lacks jurisdiction over Plaintiffs' APA and Mandamus Act claims and must dismiss them.

## II. Fifth Amendment Due Process Claim

Defendants next argue that Plaintiffs' Fifth Amendment due process claim must be dismissed for failure to state a claim upon which relief can be granted. (Motion to Dismiss, Doc. 6, Pg. ID 54–55.)

A motion to dismiss for "failure to state a claim upon which relief can be granted" tests the plaintiff's cause of action as stated in a complaint. Fed. R. Civ. P. 12(b)(6); *Golden v. City of Columbus*, 404 F.3d 950, 958 (6th Cir. 2005). A claim for relief must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Put differently, the complaint must lay out enough facts for a court to plausibly infer that the defendant wronged the plaintiff. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013). Courts must accept all allegations of material fact as true and must construe such allegations in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at

554-55; *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018). However, courts are not bound to do the same for a complaint's legal conclusions. *Twombly*, 550 U.S. at 555.

"As a threshold matter to asserting either a substantive or procedural due process claim, a plaintiff must first identify a protected liberty interest." *Fawaz v. United States Dep't of State*, 836 F. Supp. 3d 750, 758 (E.D. Mich. 2026). Here, Plaintiffs state that they "have a constitutionally protected liberty interest in making personal choices regarding family matters," and that "Defendants' unlawful refusal to adjudicate Plaintiffs' I-130 Petition" deprives them of this protected liberty interest. (Compl., Doc. 1, ¶¶ 119–20.) However, "American residents—whether citizens or legal residents—do not have a constitutional right to require the National Government to admit noncitizen family members into the country." *Baaghil v. Miller*, 1 F.4th 427, 433 (6th Cir. 2021); *see also Dep't of State v. Muñoz*, 602 U.S. 899, 909 (2024) (noting that "a citizen does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country"). Courts across the country have applied *Muñoz* in dismissing due process claims where a plaintiff's I-130 petition was awaiting adjudication. *See Fawaz*, 836 F. Supp. 3d at 758 (collecting cases). Accordingly, Plaintiffs have not stated a protected liberty interest, so their Fifth Amendment due process claim must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. Defendants' Motion to Dismiss (Doc. 6) is **GRANTED;**
2. Plaintiffs' Mandamus Act and APA claims are **DISMISSED WITHOUT PREJUDICE;**

3. Plaintiffs' Fifth Amendment due process claim is **DISMISSED WITH PREJUDICE**; and

4. This case is hereby **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland
JUDGE MATTHEW W. McFARLAND